32516.   SANDERS *v.* REID.

Decided July 2, 1949.

520

*M. G. Hicks, Charles Culbert,* for plaintiff.

*Matthews, Owens & Maddox,* for defendant.

SUTTON, C. J. This was an action for damages brought in Floyd Superior Court by Mrs. Effie Sanders against J. P. Reid and Charles S. Reid, d/b/a the J. P. Reid Furniture Company, on account of personal injuries and property damage caused by the explosion of a stove which she purchased at the said furniture company and installed in her home. The petition as amended alleged substantially that the plaintiff purchased a used stove from said defendants; that after it was installed in her home a fire was built in it and the heater exploded, causing certain described personal injuries and property damage; that upon examination of the stove after the explosion it was found to have been a laundry heater with a water jacket; that the outlets from the jacket had been plugged and water had been sealed in the jacket; that steam, generated in the jacket after the fire was started, had caused the explosion; and that the defendants were negligent in selling and delivering to her a defective stove without advising her of its dangerous character. The case was tried; a verdict was directed for the defendant Charles S. Reid; and the jury returned a verdict for the defendant J. P. Reid. The plaintiff's motion for a new trial was overruled and she excepted.

The case is here on the general grounds of the motion for a new trial, it being contended by the plaintiff in error that the verdict in favor of the defendant, J. P. Reid, was not authorized by the evidence, and that a verdict for the plaintiff was demanded by the evidence. No contention is made in respect to the directed verdict in favor of the defendant Charles S. Reid.

Dr. Lee H. Battles, a witness for the plaintiff, testified as to his treatment of the plaintiff on or about December 6, 1947, and thereafter. It appears from his testimony that she had a compound fracture of the left ankle, and that she received treatment at the Floyd Hospital, and that her leg was in a cast for about three months.

The plaintiff, Mrs. Sanders, testified as follows: She went to the furniture store about December 1, 1947, and looked at some stoves, but made no purchase. At this time she talked with J. P. Reid. On December 4, 1947, she returned to the store,

and Charles Reid waited on her. She did not want a stove for heating water, and knew nothing about water connections on stoves used for heating water. Neither J. P. Reid nor Charles Reid told her that the stove she eventually purchased was a stove for heating water, but they told her it was a plain heater. She purchased a stove on December 4, and it was delivered to her home by two employees of the furniture company. She asked these men to install the stove, but they did not have the time to do this. On December 5 and 6 she called the store, and talked with Charles Reid one time, and with J. P. Reid the other time. Each time she asked them to send someone to install the stove, but they told her they did not know when it would be. J. P. Reid advised her to get someone else to install it. She saw a colored man in the street in front of her house and asked him to install the stove. He said it would take two men to do the job, and secured another colored man to help him. These men put the legs on the stove, installed a pipe oven, and connected the pipe to the flue. No water connections were made. This work was done on Saturday afternoon, December 6, 1947, and was completed about 3 p. m. She then left her house and went to work, and when she returned about 6:30 p. m. she started a fire in the heater, using paper, kindling, and coal. After the fire began to get hot she noticed water dripping from around one or both of the plugs, and steam was escaping from one of them. She wiped the water off with a towel, and sat down. No attempt was made to remove the plugs which were in the openings to the water jacket. About this time the stove exploded. It was broken into numerous pieces, and a piece of metal hit her leg and fractured it. Her furniture and house were also damaged. She identified a plug as being one of the plugs that was in the heater and stated that her sister-in-law found it on December 17 on the floor in the kitchen near where the heater was. She never found another plug. She thought the plugs in the outlets from the water jacket were bolts which belonged on the stove, and she noticed them when J. P. Reid showed her the stove.

W. H. Bates testified for the plaintiff as follows: He is a police officer of the City of Rome, and was so employed on December 6, 1947. About 7 p. m. he received a call to go to 909 E. First Street and went there immediately, arriving some three

or four minutes after receiving the call. It appeared that there had been an explosion of some kind. Mrs. Effie Sanders was using the telephone. Another woman was putting the fire out. Live coals and parts of the stove were scattered on the floor. The stove was a water-jacket type heater and the outer shell had been blown clear of the inner shell, and was in a number of pieces. The inner shell of the stove was not damaged much. Water in that type of jacket in his opinion would generate enough steam to cause an explosion. This would not happen if the holes for the water connections were not plugged. He identified a piece of the stove and a plug, and said that on the night of the explosion he examined this same piece of metal, and that the plug, or another like it, was in the hole in the piece of metal. Several days after the explosion he went to the plaintiff's house with J. P. Reid and Officer Horne. At that time he told Reid that there was a plug in the piece of iron. They raked a space 4 or 5 feet wide from the place where they would have had to have thrown the stove off the back porch to the sidewalk in front of the house. They did not find the plug at that time. He did not tell Reid he had not found a plug the night of the explosion. He examined the wall of the kitchen where a small hole had been knocked out, behind where the stove would have been, and directly under the flue, and enlarged the hole enough to put his hand through, but did not find anything. When he found the plug the night of the explosion he left it where he found it.

W. T. McKinny, a witness for the defendants, testified as follows: He is the Chief of the Rome Fire Department. On the night of the explosion he answered the fire alarm call, and made an investigation to determine what caused the stove to explode. A search was made for plugs in the room where the explosion occurred. He and the men assisting him did not find any plugs and that was why they could not determine that the explosion was caused by steam generated in the water jacket of the heater. One of the firemen had been a moulder at the foundry and he helped make the investigation because he was familiar with that type stove. Steam would not have caused the stove to explode unless the water jacket was plugged. The damage to the stove was primarily to the outer jacket.

W. H. Cooper, a witness for the defendants, testified that he was the Assistant Chief of the Fire Department, and went to the scene of the explosion; that he did not see any plug, but did not examine the pieces of the stove which were on the floor.

Henry Johnson, a witness for the defendant, testified that he was a member of the Rome Fire Department, and answered a call, along with other firemen, to the home of Mrs. Sanders, and that he helped search for plugs, but never found one.

J. P. Reid, one of the defendants, testified as follows: He recalled that Mrs. Sanders had come to see him about a laundry heater, and that he had later instructed Charles Reid to let her have a stove without making a down payment. At that time he only had used stoves, and all stoves were sold with the coil or jacket in them, and no stove ever came with a plug in it. He had been in business for several years and had never seen a stove come in his house with a plug in it. When he showed the plaintiff the stove she did not ask him about anything on the back of the stove which she claimed were bolts. There were no plugs in the stove at that time. When she called him on Saturday afternoon to talk about getting the stove installed he told her he would install the stove on Monday morning, and she said "Okay." She never notified him that she had someone else install the stove, and he did not know anyone else had installed the stove until after the explosion. After the explosion he made an investigation with the policeman. Mr. Bates told him he had not found a plug. The witness bought the stove from Mrs. Payne of North Rome. He saw the stove a time or two while it was in the store. It had no plugs in the water jacket. Charles Reid sold the stove to the plaintiff. There was nothing about the stove to indicate to the witness that it was unsafe.

Charles Reid, the other defendant, testified as follows: He is the son of J. P. Reid, and is employed by the J. P. Reid Furniture Company, but has no financial interest in the business. He handled the sale of the stove to Mrs. Sanders. She said she wanted a laundry heater. She did not examine the back of the stove and did not call his attention to something on the back of the stove which she called bolts. No comment was made about the back part of the stove. He did not see any plugs in the former water connections. The stove was purchased from

Mrs. Lawsha Payne. Mrs. Sanders purchased the stove on the week end and he told her it would be installed at a later date. When she called, he told her they would be there Monday morning. He did not suggest that she get someone else to install the stove. She did not notify him that someone else had installed the stove.

Mrs. Lawsha Payne, a witness for the defendants, testified that she sold a water heater to the J. P. Reid Furniture Company; that it was disconnected from the water supply at her house when she installed a gas heater in her home, and was put on the back porch; that while there she burned some rubbish in it; and that she did not see any plugs in the back end of it.

Carl Hammond, a witness for the defendants, testified that he was a plumber, and that he disconnected the water pipe from the jacket heater for Mrs. Payne, and installed an automatic heater; that he did not put any plugs in the opening of the heater; that he had been in business for about 20 years and had never plugged one; and that he drained the water out of the stove after he disconnected it.

John Fowler Cole and Ed Barnes, witnesses for the defendants, testified that they were employees of the J. P. Reid Furniture Company at the time the stove was purchased from Mrs. Payne and later sold to the plaintiff, and that they moved the stove from Mrs. Payne's home, and later delivered it to Mrs. Sanders' home, and that there were no plugs in the connections to the water jacket.

Mrs. Sanders was recalled to the witness stand, and testified that she did see the plugs in the stove when she purchased it; that the Negro men who installed the stove did not put any plugs in it; that at the time of the explosion there was a water kettle on the stove with about three cups of water in it; and that it had been on the stove ten or 15 minutes, but was not boiling.

It appears from the evidence that the chief issue was whether or not there were any plugs in the holes in the water jacket of the stove and any water in the jacket at the time the stove was sold and delivered to Mrs. Sanders. The plaintiff testified positively that the holes were plugged, and identified one plug as having been found at the scene of the explosion, and the policeman testified that he found one plug in a piece of metal at the

scene, and left it where he found it. But the plumber who disconnected the stove at the home of the former owner testified that no plugs were placed in the holes in the water jacket by him, and that the water in the jacket was removed; the former owner testified that there were no plugs in the stove when she sold it to the furniture company; the two employees who moved the stove from the original owner's home to the furniture store and later delivered it to the plaintiff saw no plugs in it; and J. P. Reid and Charles S. Reid testified that there were no plugs in the heater while it was at the store and when sold and delivered to Mrs. Sanders. The Chief of the Fire Department, his assistant, and one fireman testified that they found no plugs at the scene of the explosion, and J. P. Reid testified that the policeman, Bates, who went with him to the scene of the explosion a few days after it happened, told him that he did not find a plug, although Bates denied telling J. P. Reid that he had not found a plug. The plaintiff's case was predicated entirely on the theory that the water jacket was plugged at the time it was sold and delivered to her; that the water jacket contained water; that, when a fire was started in the stove steam was generated in the jacket, causing the stove to explode; and that the defendant was negligent in selling and delivering to the plaintiff a stove in this condition. These questions of fact were for the jury to determine from a consideration of all the evidence, and they were resolved in favor of the defendant.

The verdict for the defendant, J. P. Reid, was authorized by the evidence, and the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*